Mr. Justice Claytox
delivered the opinion of the court.
The only question in this case is, whether a slave which was appraised and returned in the inventory by the administrator, should be charged to him in his final account 1 The excuse for his failure to include him in the final accouut was, that he had absconded, and could not be recovered.
The facts were, that a son of the administrator, then about thirty-five years of age, and insolvent, had carried off the negro, and probably disposed of him, but without the knowledge or consent of the administrator, so far as the testimony shows. The son himself testified, that he last saw the negro in Benton, in this state, but refused to tell what afterwards became of him. A reward was offered by the administrator in an advertisement published in a newspaper in Aberdeen, for the recovery of the slave, but it does not appear that any farther efforts were used by him for his apprehension.
An administrator is bound to use good faith in the manage *669 ment of the estate, and to the exercise of such prudence and caution as a judicious man, looking to his own interests, would exercise in regard to his own aifairs. Bailey v. Dilworth, 10 S. & M. 409.
In this case, it does not appear that the administrator did more than to offer a reward for the apprehension of the slave. It is in proof that he was informed that his son had carried off the negro, before steps were taken to render him liable. It is hardly to be believed that a man of ordinary prudence would not, under the same circumstances, have used greater efforts for his recapture. Good faith demanded that he should have instituted inquiry, either in person or by agent, in the neighborhood where the slave was last seen. There was no evidence that the newspaper in which the advertisement was made, had circulation in Benton or its vicinity. From all the circumstances, therefore, the administrator was properly held accountable for the value of the slave.
No objection was taken in argument to the mode pursued in this case to render him liable. We shall express no opinion on that point, but leave it open, until we may be called upon to decide it.
Judgment affirmed.